IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES W. KING, JR., | : | |
| Plaintiff | : | No. 1:24-cv-1713 |
| | : | |
| v. | : | Judge Conner |
| | : | |
| PENNSYLVANIA STATE POLICE, | : | Electronically Filed Document |
| GEORGE BIVENS, JOSHUA MACK | : | |
| and DAWN SMITH | : | *Complaint Filed 08/22/2024* |
| Defendants | : | |

## DEFENDANTS' ANSWER AND AFFIRMITIVE DEFENSES TO THE COMPLAINT

Defendants Pennsylvania State Police ("PSP"), Bivens, Mack, and Smith (collectively, "Defendants"), through counsel, hereby file this Answer and Affirmative Defenses to the Complaint (Doc. 01-1) and state as follows:

## I.    PRELIMINARY STATEMENT [1]

1. This paragraph contains a conclusion of law to which no response is required.

To the extent the paragraph contains factual averments, they are DENIED.

## II.    PARTIES

2. ADMITTED.

---

[1] Defendants adopt the headings utilized by Plaintiff purely for organization and convenience of the reader. In using these headings, Defendants are not making any admission regarding their content and expressly deny any factual averments contained therein.

3. ADMITTED.

4. It is ADMITTED only that Defendant Bivens was employed by PSP during the time period relevant to the allegations within the Complaint.

5. It is ADMITTED only that Defendant Mack was employed by PSP during the time period relevant to the allegations within the Complaint.

6. It is ADMITTED only that Defendant Smith was employed by PSP during the time period relevant to the allegations within the Complaint.

## III.  **JURISDICTION AND VENUE**

7. This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

## IV.  **FACTS**

8. It is ADMITTED only that Plaintiff was employed by PSP during the time period relevant to the complaint.

9. ADMITTED.

10. ADMITTED.

11. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 11 of the Complaint and therefore deny the allegations

therein. Strict proof will be demanded at the time of trial if the same be material.

12. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 12 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

13. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 13 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

14. ADMITTED.

15. ADMITTED.

16. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 16 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

17. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 17 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

18. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 18 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

19. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 19 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

20. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 20 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

21. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 21 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

22. ADMITTED.

23. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 23 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

24. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 24 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

25. It is ADMITTED only that King chose to commute back and forth from Pittsburgh to Harrisburg for the assignment to the Governor's detail. All other factual allegations are DENIED.

26. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 26 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

27. It is ADMITTED only that King would rely on what he calls an "informal commuting system," which was not officially sanctioned or approved by PSP. All other factual allegations are DENIED.

28. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 28 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

29. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 29 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

30. ADMITTED.

31. ADMITTED.

32. DENIED.

33. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 33 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

34. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 34 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

35. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 35 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

36. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 36 of the Complaint and therefore deny the allegations

therein. Strict proof will be demanded at the time of trial if the same be material.

37. DENIED. By way of further answer, King arrived several hours early for work on March 7, 2022.

38. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 38 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

39. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 39 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

40. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 40 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

41. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 41 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

42. DENIED.

43. DENIED as stated. King was issued a supervisor's notation on March 24, 2022 for taking a state vehicle home without approval and arriving several hours early for his shift.

44. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 44 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

45. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 45 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

46. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 46 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

47. DENIED.

48. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 48 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

49. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 49 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

50. DENIED.

51. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 51 of the Complaint and therefore deny the allegations

therein. Strict proof will be demanded at the time of trial if the same be material.

52. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 52 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

53. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 53 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

54. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 54 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

55. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 55 of the Complaint and therefore deny the allegations

therein. Strict proof will be demanded at the time of trial if the same be material.

56. DENIED.

57. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 57 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

58. DENIED.

59. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 59 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

60. DENIED.

61. DENIED.

62. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 62 of the Complaint and therefore deny the allegations

therein. Strict proof will be demanded at the time of trial if the same be material.

63. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 63 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

64. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 64 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

65. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 65 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

66. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 66 of the Complaint and therefore deny the allegations

therein. Strict proof will be demanded at the time of trial if the same be material.

67. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 67 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

68. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 68 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

69. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 69 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

70. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 70 of the Complaint and therefore deny the allegations

therein. Strict proof will be demanded at the time of trial if the same be material.

71. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 71 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

72. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 72 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

73. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 73 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

74. ADMITTED.

75. DENIED.

76. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 76 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

77. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 77 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

78. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 78 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

79. It is ADMITTED Austin Davis became Lt. Governor in 2023.

80. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 80 of the Complaint and therefore deny the allegations

therein. Strict proof will be demanded at the time of trial if the same be material.

81. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 81 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

82. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 82 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

83. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 83 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

84. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 84 of the Complaint and therefore deny the allegations

therein. Strict proof will be demanded at the time of trial if the same be material.

85. DENIED. By way of further answer, King was reassigned to the Washington Station Patrol Unit effective February 6, 2023.

86. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 86 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

87. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 87 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

88. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 88 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

89. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 89 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

90. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 90 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

91. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 91 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

92. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 92 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

**V.    EXHAUSTION OF ADMINISTRATIVE REMEDIES**

93. ADMITTED.

94. ADMITTED.

95.ADMITTED.

96. This paragraph contains a conclusion of law to which no response is required.

To the extent the paragraph contains factual averments, they are DENIED.

**VI.    CAUSES OF ACTION**

**COUNT I- VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (Racial Discrimination- Disparate Treatment, Hostile Work Environment)**
*Against Defendant PSP*

97. This paragraph is an incorporation paragraph to which no response is required; to the extent a response is required, DENIED.

98. This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

99.This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

100.    This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

101.    This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

102.    This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

103.    This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

104.    This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

## COUNT II- VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (Retaliation)
### *Against Defendant PSP*

105.    This paragraph is an incorporation paragraph to which no response is required; to the extent a response is required, DENIED.

106.    This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

107.    This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

108.    This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

109.    This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

110.    This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

111.    This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

## COUNT III- VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT (Racial Discrimination- Disparate Treatment, Hostile Environment)
*Against the PSP and All Individual Defendants*

112.    This paragraph is an incorporation paragraph to which no response is required; to the extent a response is required, DENIED.

113.     This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

114.     This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

115.     This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

116.     This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

117.     This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

### COUNT III- VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT (Retaliation)
*Against the PSP and All Individual Defendants*

118.     This paragraph is an incorporation paragraph to which no response is required; to the extent a response is required, DENIED.

119.     This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

120.     This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

121.     This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

122.     This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

123.     This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

124.     This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

## AFFIRMATIVE DEFENSES

In addition to the denials set forth above, Defendants assert the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants are immune by virtue of qualified, state sovereign, and/or any other immunity.

## THIRD AFFIRMATIVE DEFENSE

At no time had Defendants, either individually or in concert with others deprived or sought to deprive Plaintiff of any rights, privileges, or immunities

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the damages they seek.

## FIFTH AFFIRMATIVE DEFENSE

Defendants did not act recklessly, negligently, wantonly, or arbitrarily against Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim may be barred by the statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust the administrative remedies available to him.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to file a charge within the required time period from the alleged unlawful employment practice.

Defendants reserve the right to assert additional Affirmative Defenses, as appropriate, that become available during the pendency of this litigation.

Defendants further assert and preserve their right to a jury trial and the recovery of litigation costs and attorneys' fees in the above-captioned litigation.


Respectfully submitted,

MICHELLE A. HENRY
Attorney General


By:    *s/ Tyler Jefferies*
TYLER JEFFERIES
Deputy Attorney General
Attorney ID PA 330225

NICOLE R. DITOMO
Chief Deputy Attorney General
Civil Litigation Section

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 941-0376

tjefferies@attorneygeneral.gov

Date:  October 16, 2024

Counsel for Defendants Pennsylvania
State Police, Bivens, Mack, Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES W. KING, JR., | : | |
| Plaintiff | : | No. 1:24-cv-1713 |
| | : | |
| v. | : | Judge Conner |
| | : | |
| PENNSYLVANIA STATE POLICE, | : | Electronically Filed Document |
| GEORGE BIVENS, JOSHUA MACK | : | |
| and DAWN SMITH | : | *Complaint Filed 08/22/2024* |
| Defendants | : | |

**CERTIFICATE OF SERVICE**

I, Tyler Jefferies, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on October 16, 2024, I caused to be served a true and correct copy of the foregoing document titled Defendants' Answer to the Complaint and Affirmative Defenses to the following:

**VIA ELECTRONIC FILING**
Maureen Davidson Welling, Esquire
John Stember, Esquire
Zachary K. Maddox, Esquire
Stember Cohn & Davidson-Welling,
LLC
The Hartley Rose Building
425 First Avenue, 7th Floor
Pittsburgh, PA 15219
*Counsel for Plaintiff*

                                    *s/ Tyler Jefferies*
                                    TYLER JEFFERIES
                                    Deputy Attorney General